UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,

     Plaintiff,

v.                               Case No. 07-20286

FIDENCIO SAUCEDO,          HONORABLE AVERN COHN

     Defendant.

_____/

## MEMORANDUM AND ORDER
## DENYING DEFENDANT'S MOTION TO DISMISS THE INDICTMENT

I.  Introduction

This is a criminal case.  Defendant Fidencio Saucedo is charged in one count Indictment with Coercion and Enticement, in violation of 18 U.S.C. § 2422(b).  Specifically, the Indictment alleges that Saucedo "using facility and means of interstate commerce, to wit: a computer connected to the internet, did knowingly <u>attempt</u> to persuade, induce, coerce and entice an individual who had not attained the age of 18 years, to engage in sexual activity" (emphasis added).

Before the Court is Saucedo's motion to dismiss the indictment on the grounds that (1) communication with a "decoy parent" is not encompassed within the statute, and (2) the facts in the indictment do not establish that Saucedo took a substantial step towards the commission of the crime necessary for an attempt conviction.  For the reasons that follow, the motion is DENIED.

On March, 2007, Saucedo, a Colorado resident, engaged in online "conversations" with "Jessica Yager" who Saucedo believed was a mother of two young children from Michigan. "Jessica Yager" is actually a Macomb County Detective Linda Findlay working in an undercover capacity with the Macomb Area Computer Enforcement Team. The children were fictional. Findlay created on online undercover persona designed to identify individuals who were interested in having sex with minors. Saucedo initiated the conversation with Findlay and asked her to become his friend on hi5.com account. Saucedo also indicated that he was interested in incest and mentioned that he had molested his daughter when she was nine years old.

Findlay and Saucedo communicated via Yahoo Instant Messenger. Through their online conversation, Saucedo made it clear he wanted to have sex with her children and described explicit sexual acts that he wanted to perform. Additionally, Saucedo revealed that he served three years in jail for molesting his daughter. Saucedo lived with his daughter, her husband and three young children. Saucedo stated that his son-in-law was leaving for a retreat on April 26, 2007 and that he will be alone with the children. During that time, Saucedo planned on molesting the eldest grandchild (age eight). Saucedo also provided pictures of himself over a web camera.

On April 25, 2007, Saucedo encouraged Findlay to travel with her children to Colorado. Saucedo and Findlay agreed that she should come while his son-in-law was away. Findlay said that she was planning on driving. Saucedo then proceeded to

---

[1] The background facts is taken from the following sources in the record: (1) the Criminal Complaint,; (2) the Indictment, and (3) the "chat logs" of conversations that took place via internet chatrooms and internet instant messaging. None of the facts are disputed.

provide detailed instructions to a meeting place, but did not provide his actual address. Although Mr. Saucedo did not set up a specific date and time for a meeting, he provided his phone number and instructed Findlay to give him a call when she gets there.

All conversations were between Saucedo and Findlay. Saucedo did not converse with an actual minor or with anyone posing as a minor child.

Based on the above information, Saucedo was charged with attempted coercion and enticement, in violation of Title 18 U.S.C. § 2422(b).

### III. Legal Standard

An indictment must include "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). "[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." United States v. Hudson, 491 F.3d 590, 592-94 (6th Cir.2007) (quoting Hamling v. United States, 418 U.S. 87, 117 (1974), citing United States v. Vanover, 888 F.2d 1117, 1121 (6th Cir. 1989)).

The Court is constrained to observe that Saucedo's arguments are really an attack on the evidence against him, not the language in the indictment itself. Saucedo is essentially attempting to obtain summary judgment in a criminal case. He does not dispute about the facts, but rather argues that the facts do not constitute conduct covered by the statute.

IV.  Analysis

A.    Whether Saucedo's conduct falls within the scope of 18 U.S.C. § 2422(b)
      when his communications were with an adult intermediary

Section 2422(b) provides:

> Whoever, using the mail or any facility or means of interstate or foreign
> commerce, or within the special maritime and territorial jurisdiction of the
> United States knowingly persuades, induces, entices, or coerces any
> individual who has not attained the age of 18 years, to engage in
> prostitution or any sexual activity for which any person can be charged
> with a criminal offense, or attempts to do so, shall be fined under this title
> and imprisoned not less than 10 years or for life.

(Emphasis added).

Under § 2422(b), the criminal conduct is the persuasion, inducement,

enticement, or coercion of the minor.  The sexual act itself is not the criminal conduct

proscribed by the statute.  Therefore, any person that persuades, induces, entices, or

coerces a minor to engaged in a sexual act, without actually committing the act, is guilty

under § 2422(b).  United States v. Murell, 368 F.3d 1283, 1286 (2004).

Here, Saucedo is charged under the attempt portion of the statute.  In order to

sustain a conviction for a crime of attempt, the government must prove (1) that the

defendant had the specific intent to engage in the criminal conduct for which he is

charged and (2) that he took a substantial step toward commission of the offense.  Id.

In United States v. Bailey, 228 F.3d 638 (6th Cir. 2000), the Court of Appeals for

the Sixth Circuit addressed the intent element necessary for conviction under § 2422(b).

The defendant argued that § 2422(b) requires the specific intent to commit illegal sexual

acts, rather than just the intent to persuade or solicit the minor victim.  The Sixth Circuit

disagreed, stating:

> While it may be rare for there to be a separation between the intent to

persuade and the follow-up intent to perform the act after persuasion, they are two clearly separate and different intents and the Congress has made a clear choice to criminalize persuasion and the attempt to persuade, not the performance of the sexual acts themselves. Hence, a conviction under the statute only requires a finding that the defendant had an intent to persuade or to attempt to persuade.

Id. at 639.

Saucedo argues that § 2422(b) does not cover his alleged conduct because no actual child was in communication with him, rather the communication was with a "decoy parent" or adult intermediary. Saucedo also argues that based on the plain language of the statute, a person of ordinary of ordinary intelligence would not be on notice that communications with an adult intermediary are punishable under the statute. Since neither an actual child nor a "decoy child"[2] is involved in the present case, Saucedo argues that the indictment should be dismissed because his conduct is not criminally proscribed.

The Sixth Circuit has not addressed the issue of whether an "adult decoy" is covered under the statute. Several circuits, however, have considered the issue and uniformly hold that communications with an adult decoy is prohibited conduct. In United States v. Murell, 368 F.3d 1283 (11th Cir. 2004), the Court of Appeals for the Eleventh Circuit held that the defendant violated § 2422(b) by arranging to have sexual encounters through communications with an adult intermediary. Id. at 1283. The defendant thought that he was talking with a father of a minor child when he was

---

[2]Saucedo does not challenge that the statute applies in scenarios where defendants "persuade, induce, entice, or coerce" someone they believe to be an actual child, i.e., a "decoy child." Indeed, the case law fully supports that conversing with a "decoy child" is prohibited under the statute. See United States v. Tykarsky, 446 F.3d at 467 (3d Cir. 2006) (holding that § 2422(b) does not require the involvement of an actual minor); United States v. Meek, 366 F. 3d 705, 710 (9th Cir. 2004) (same).

actually talking to an undercover police officer.  The court reasoned that by communicating with the "father," the defendant "attempted to stimulate or cause the minor to engage in sexual activity with him," explaining:

> Murrell asserts that he could not have intended to induce a minor to engage in illegal sex acts without actually speaking to a person he believed to be a minor.  Put another way, Murrell contends that the minor's inducement may not be effected indirectly via an intermediary, and that accordingly, he could not have intended to induce a minor to engage in sex by speaking only to a go-between.
> We have previously held that the term "induce" in § 2422 is not ambiguous and has a plain and ordinary meaning.  See <u>United States v. Panfil</u>, 338 F.3d 1299, 1301 (11th Cir. 2003). "Induce" can be defined in two ways. It can be defined as "[t]o lead or move by influence or persuasion; to prevail upon," or alternatively, "[t]o stimulate the occurrence of; cause."  The Am. Heritage Dictionary of the English Language 671 (William Morris ed., Houghton Mifflin Co. 1981).  We must construe the word to avoid making § 2422 superfluous.  See <u>Medberry v. Crosby</u>, 351 F.3d 1049, 1061 (11th Cir. 2003). To that end, we disfavor the former interpretation of "induce," which is essentially synonymous with the word "persuade." By negotiating with the purported father of a minor, Murrell attempted to stimulate or cause the minor to engage in sexual activity with him. Consequently, Murrell's conduct fits squarely within the definition of "induce."
> Moreover, we note that the efficacy of § 2422(b) would be eviscerated if a defendant could circumvent the statute simply by employing an intermediary to carry out his intended objective. In this case, Murrell communicated with an adult who he believed to be the father of a thirteen-year-old girl and who presumably exercised influence over the girl. Murrell's agreement with the father, who was acting as an agent or representative, implied procuring the daughter to engage in sexual activity. Because we find that Murrell acted with the intent to induce a minor to engage in unlawful sexual activity, the first element of attempt is satisfied.

368 F.3d at 1287-88.  See also <u>United States v. Hornaday</u>, 392 F.3d 1306 (11th Cir. 2004) (following <u>Murell</u> and holding that defendant's conversations with an undercover officer pretending to be a father of two young girls was prohibited under § 2422(b)).

Likewise, in <u>United States v. Farner</u>, 251 F.3d. 510, 513 (5th Cir. 2001), the Court of Appeals for the Fifth Circuit held that use of a decoy adult was prohibited under §

2422(b). The court noted that if the defendant's scheme was fully carried out as he desired or plan, he would have engaged in sexual relations with a minor and not an adult FBI officer.

In United States v. Spurlock, 495 F.3d 1011 (8th Cir. 2007), the Court of Appeals for the Eighth Circuit rejected defendant's argument that contact with an adult can never, by itself, be an attempt to entice a minor and therefore cannot violate § 2422(b). The court explained:

> The elements of attempt are (1) intent to commit the predicate offense, and (2) conduct that is a substantial step toward its commission. United States v. Blue Bird, 372 F.3d 989, 993 (8th Cir.2004). We conclude that Spurlock intended to entice minor girls to have sex with him, and that his conversations with their purported mother were a substantial step toward that end. See United States v. Murrell, 368 F.3d 1283, 1287-88 (11th Cir. 2004); United States v. Hornaday, 392 F.3d 1306, 1310 (11th Cir. 2004).

495 F.3d at 1014.

Finally, in United States v. Tykarsky, 446 F.3d 458 (3d Cir. 2006), the Court of Appeals for the Third Circuit held that use of a decoy parent is within the parameters of the statute and Congressional intent. The Third Circuit cogently explained:

> After examining the text of the statute, its broad purpose and its legislative history, we conclude that Congress did not intend to allow the use of an adult decoy, rather than an actual minor, to be asserted as a defense to § 2422(b). First, the plain language of the statute, which includes an "attempt" provision, indicates that something less than the actual persuasion of a minor is necessary for conviction. See United States v. Meek, 366 F.3d 705, 718 (9th Cir. 2004) (observing that the inclusion of the attempt provision "underscores Congress's effort to impose liability regardless of whether the defendant succeeded in the commission of his intended crime"); United States v. Root, 296 F.3d 1222, 1227 (11th Cir. 2002) (observing that the attempt provision indicates that "[t]he fact that [the defendant's] crime had not ripened into a completed offense is no obstacle [to a conviction]"). Interpreting § 2422(b) to require the involvement of an actual minor would render the attempt provision largely meaningless because, as a practical matter, little exists to differentiate those acts constituting "enticement" and those constituting "attempted

enticement." The attempt provision is therefore most naturally read to focus on the subjective intent of the defendant, not the actual age of the victim. See Meek, 366 F.3d at 718 (holding that because the scienter requirement applies to both the act of persuasion and the age of the victim, attempt liability turns on the defendant's subjective belief). We therefore believe that the statute's plain language, though not conclusive, supports our holding.

446 F.3d ast 469.

Based on the holdings in Murrell, Hornaday, Farmer, and Tykarasky, which the Court finds persuasive, solicitation to a "decoy parent" is prohibited conduct. In other words, Saucedo's conduct falls within the scope of § 2422(b). Saucedo's clear intent in his Instant Messages was to have sexual relations with minors. This is exactly the type of conduct that Congress intended to prevent in enacting the statute. Had his plans been carried out, Saucedo would have engaged in sexual relations with minors even if his communications were with an adult intermediary. Under § 2422(b), the crime is the in persuasion, inducement, enticement and the coercion or attempt thereof. The fact that Saucedo was talking with a "decoy parent" does not change Saucedo's attempt to induce a sexual relationship with a minor.

## B. Whether Saucedo's conduct indicate "substantial step" to rise to the level of attempt toward completing the crime

Saucedo also argues that even if his conduct falls within the scope of § 2422(b), the conduct alleged in the indictment does amount to a substantial step necessary for conviction. As noted above, in order to sustain a conviction for a crime of attempt, the government must prove (1) that the defendant had the specific intent to engage in the criminal conduct for which he is charged and (2) that he took a substantial step toward commission of the offense. Murell, 368 F.3d at 1286. A substantial step corroborates "the firmness of [the] defendant's criminal attempt." United States v. Helder, 452 F.3d

755 (8th Cir. 2006).

Courts in other circuits have addressed the conduct necessary for constituting a substantial step to sustain an attempt conviction under § 2422(b). In United States v. Tykarski, supra, the defendant urged the minor to meet him and described in graphic language the acts that he wanted to perform. He also emailed one girl his pager number and encouraged her to set up a meeting with him. Id at 469. The defendant also described in specific details, the sexual acts that he hoped to perform with the "decoy minor." The two set up a meeting place in which defendant described what he would wear and the car he was driving. Defendant arrived at the meeting place and was then arrested. The court held that the instant messages and the statements made by the defendant demonstrated his subjective intent and his arrival to the to the meeting place corroborated his intent. The Third Circuit concluded that the conduct was evidence of substantial steps, stating:

> The evidence in this case satisfies both elements. The instant messages and the statements that Tykarsky made to FBI agents upon his arrest establish Tykarsky's subjective intent, and his appearance at the Holiday Inn according to the plan established over the instant messages provides the requisite "measure of objective evidence" corroborating his intent. See Everett, 700 F.2d at 908 (holding that "some measure of objective evidence corroborating" the criminal intent is necessary for an attempt conviction). The instant messages also provide sufficient evidence that he took substantial steps towards "persuading, inducing, enticing or coercing" a minor to engage in sexual activity.

446 F.3d at 469.

In United States v. Meek, 366 F3d 705 (9th Cir. 2004), the Court of Appeals for the Ninth Circuit held that the defendant took substantial steps toward the commission of the crime through his sexual dialogue, transmission of sexually suggestive photo, and travel to a prearranged meeting place. Id. at 720.

Saucedo, however, says that unlike the defendants in <u>Tykarski</u> and <u>Meek</u> he did not prearrange a specific meeting place and only provided directions to a general area. He also did not transmit any sexually suggestive pictures of himself. Saucedo also states that his discussion of illicit sexual acts was not extensive.

The Court is not persuaded by Saucedo's argument. In his Instant Message conversations with the "decoy mother", Saucedo described his interest in sexually assaulting her children on the "bottom floor where no one was around," and where the doors lock. He encouraged her to drive nineteen hours to Colorado when his son-in-law would be traveling that Friday. Saucedo also provided detained directions to an exact street in his neighborhood and instructed the "mother" to give him a telephone call when she got there. This is beyond mere preparation.

The indictment, in light of the undisputed evidence, sufficiently alleged conduct which constitutes a crime under § 2422(b). In other words, if a properly instructed jury finds all of the facts above, it would be able to conclude that Saucedo took a substantial step towards the commission of the crime necessary for a conviction under § 2422(b).

SO ORDERED.


Dated: October 25, 2007          _s/Avern Cohn_____
                                         AVERN COHN
                                         UNITED STATES DISTRICT JUDGE



I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, October 25, 2007, by electronic and/or ordinary mail.

                                         _s/Julie Owens_____
                                         Case Manager, (313) 234-5160